G. GEOFFREY ROBB (131515)
MARISA G. HUBER (254171)
GIBSON ROBB & LINDH LLP
201 Mission Street, Suite 2700
San Francisco, California 94105
Telephone: (415) 348-6000
Facsimile: (415) 348-6001
Email: grobb@gibsonrobb.com
mhuber@gibsonrobb.com

Attorneys for Plaintiffs-in-Limitation
Sea Legend LLC as owner, John Moller as owner *pro hac vice*, and Conrad Moller as owner *pro hac vice*, of the vessel *SEA LEGEND*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In the Matter of Sea Legend LLC as owner, John Moller as owner *pro hac vice*, and Conrad Moller as owner *pro hac vice*, of the vessel *SEA LEGEND*, for Exoneration From or Limitation of Liability | Case No. 2:18-cv-5879-SVW (MRWx)<br><br>**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** |

/ / /

/ / /

/ / /

/ / /

/ / /

WHEREAS, the Plaintiffs-in-Limitation, the Claimant, and the Third-Party Defendant herein (collectively the "Parties") claim that they possess certain confidential or proprietary information for which special protection from public disclosure or use for any purpose other than this court action would be warranted;

WHEREAS, the Parties claim that the disclosure of such information may result in harm to them;

WHEREAS, the Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential;

The Parties hereby stipulate to the following:

1. For the purposes of this Agreement, confidential information includes information protected within the scope of Fed. R. Civ. P. 26(c)(1)(G). By way of example, and without limitation, confidential information may include or be included in pricing or valuation information, agreements, papers, reports, and financial documents which comprise, embody, or summarize matters which the Parties consider confidential and desire not be made public.

2. Whenever the Parties produce a document or thing containing information they deem to be confidential and wish to be subject to this Order, the producing Party shall mark or designate the document or thing "Confidential." Where any document or thing is marked or designated "Confidential" upon the first page thereof, the entire document or thing shall be deemed marked "Confidential."

3. All material which the Parties produce which is designated as "Confidential" in this proceeding shall be maintained in confidence by the Parties and used solely in the preparation or hearing of this proceeding. The Parties shall not disclose or permit to be disclosed material that is designated "Confidential" to any persons, including consultants, experts or others retained by the parties hereto,

except a Party to this action may share "Confidential" information where the Party deems it reasonably necessary to consult with or use the services of such persons to prepare for or try this case, provided that:

    a) Access to such material shall be restricted to: the Parties; their respective counsel, paralegals, and staff; court reporters and videographers; experts or consultants retained or specially employed by a Party in this case; deposition or hearing witnesses; the Court and its staff (as set forth herein);

    b) Counsel for all Parties, by executing this Agreement, undertake to abide by and be bound by its provisions and to use due care to see that its provisions are known and adhered to by those under their supervision or control including any expert or consultant who has been retained or specially employed by a Party in anticipation of this litigation or for trial of this case. Such experts or consultants shall be provided a copy of this Agreement and shall sign the **Acknowledgement and Agreement to Be Bound** by this Order attached hereto as **Exhibit A**.

4. All depositions or portions of depositions taken in this matter, and all testimony or portions of testimony provided at the hearing in this matter, that contain confidential information may be designated "Confidential" and thereby obtain the protections accorded other Confidential documents. Confidentiality designations for depositions or hearing testimony shall be made either on the record or by written notice to the other party within 14 days of receipt of the transcript. Unless otherwise agreed, depositions and hearing testimony shall be treated as Confidential during the 14-day period following receipt of the transcript.

5. The receiving Parties and their counsel shall act to preserve the confidentiality of designated documents and information. Information designated as "Confidential" may be referred to by a Party in notices, correspondence, motions, briefs or any other pleadings or submissions, may be used in depositions, may be marked as deposition exhibits, may be used at the hearing, and may be

marked as hearing exhibits. However, before any material designated as "Confidential" is filed with the Court for any purpose, the Parties seeking to file the materials shall meet and confer telephonically and in writing with the opposing Parties to determine if redaction and/or other modification is mutually agreeable or if the Party seeking to file such material must seek permission of the Court to file the material under seal, to the extent possible.

6. Nothing contained herein shall constitute an admission or concession, or permit any inference, that the claimed confidential or trade secret document is, in fact, a confidential document as claimed by the designating Parties. The receiving Parties may seek an order authorizing treatment of any document labeled "Confidential" as a non-confidential document. The materials at issue must be treated as Confidential Information as designated until the Court has ruled on the objection or the matter has otherwise been resolved.

7. Nothing in this Agreement shall be construed to entitle any Party to obtain any document, thing or information that otherwise would not be allowed pursuant to applicable law, rules, codes, statutes or court order.

8. Nothing in this Agreement shall be deemed to preclude the Parties from seeking and obtaining additional protection with respect to the confidentiality of documents or other discovery material, or relief from this Agreement with respect to particular material designated "Confidential" hereunder.

9. Knowing failure to abide by the terms of this Agreement, if not specifically amended in writing by counsel to the Parties, may result in a motion for sanctions, costs, and attorney's fees, and any other appropriate legal action.

10. This Agreement may not be waived, modified, abandoned or terminated, in whole or part, except by an instrument in writing signed by the Parties. If any provision of this Agreement shall be held invalid or unenforceable for any reason whatsoever, the remaining provisions shall not be affected thereby.
/ / /

11. After termination of this case, the provisions of this Agreement shall continue to be binding.

12. No action taken in accordance with this Stipulation shall be construed as a waiver of any claim or defense in this action, or of any position as to discoverability or admissibility of evidence.

13. This Stipulation is effective as of February 19, 2019 and remains in effect regardless of when or whether the Court signs this Stipulated Protective Order.

14. This Stipulation may be signed in counterparts.

Stipulated to:

Counsel for Plaintiffs-in-Limitation, Marisa G. Huber, certifies that all electronic signatures below have been duly authorized by signatory counsel per ECF Rule § 2(f)(4).

Dated: February 19, 2019    GIBSON ROBB & LINDH LLP

/s/ MARISA G. HUBER
_____
Marisa G. Huber
Attorneys for Plaintiffs-in-Limitation
SEA LEGEND LLC, JOHN MOLLER,
and CONRAD MOLLER

Dated: February 19, 2019    THE HOMAMPOUR LAW FIRM

/s/ DANIELLE LINCORS
_____
Danielle Lincors
Attorneys for Claimant
KRISTEN LLOYD

| | | |
|---|---|---|
| Dated: February 19, 2019 | | B&D LAW GROUP, APLC |
| | | /s/ MICHAEL B. GEOOLA |
| | | _____ |
| | | Michael B. Geoola<br>Attorneys for Claimant<br>KRISTEN LLOYD |
| Dated: February 19, 2019 | | BULLIVANT HOUSER BAILEY PC |
| | | /s/ KEITH GILLETTE |
| | | _____ |
| | | Marilyn Raia<br>Keith Gillette<br>Attorneys for Third-Party Defendant<br>BYRD TECHNOLOGIES, INC. DBA<br>MARQUIPT |

_____

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

**Dated:** March 13, 2019

_____
**United States Magistrate Judge**
**Michael R. Wilner**

# EXHIBIT A
## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [*print or type full name*], of _____ [*print or type full address*], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Confidentiality Agreement and Protective Order referenced as effective as of February 19, 2019 in the case of "In the Matter of SEA LEGEND, LLC *et al.*"; Case No. 2:18-cv-SVW (MRW). I agree to comply with and to be bound by all the terms of this Stipulated Agreement and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Agreement to any person or entity except in strict compliance with the provisions of this Agreement.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Agreement, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____